**In re Tad Bear WILSON, Debtor.**

**No. 09–15606 EEB.**

United States Bankruptcy Court,
D. Colorado.

Feb. 25, 2011.

John Turner, Colorado Springs, CO, for Debtor.

## ORDER GRANTING MOTION TO DISMISS

ELIZABETH E. BROWN, Bankruptcy Judge.

THIS MATTER comes before the Court on the United States Trustee's Motion to Dismiss Under 11 U.S.C. §§ 707(b)(1), (b)(2) and (b)(3), Debtor Tad Wilson's response thereto, and additional post-trial legal briefs by both parties. Following a trial on this matter, the Court hereby FINDS and CONCLUDES:

## I. BACKGROUND

Debtor filed his Chapter 7 petition on March 31, 2009. Debtor has been employed as a clerk for the U.S. Postal Service for fourteen years, where he earns a stable income. Debtor is divorced and currently living with his girlfriend. He does not pay rent, but assists with some monthly expenses. At the time of trial, Debtor owned a home in Colorado Springs, Colorado, which he rented out to tenants. Debtor testified that the rent he collected was not sufficient to cover his two monthly mortgage payments and other expenses. As such, when he filed his Chapter 7 case, Debtor filed a Statement of Intent, indicating his intent to surrender the home.

When he filed his petition, Debtor completed a Form 22A, which contains the calculations for the so-called "Means Test" set forth in 11 U.S.C. § 707(b)(2).[1] The Means Test essentially gauges a debtor's ability to repay his or her debts by measuring how much disposable income the debtor will have each month, after the

---

1. All references to "Section" herein shall mean Title 11, United States Code, unless otherwise specifically noted.

deduction of allowable expenses. Under Debtor's calculations, he "passed" the Means Test because his expenses did not exceed his income by certain predetermined thresholds. *See* 11 U.S.C. § 707(b)(2)(A). As such, Debtor argues that the "presumption of abuse" set forth in 11 U.S.C. § 707(b)(2) does not arise. The United States Trustee ("UST") disagrees, arguing that Debtor is not entitled to deduct the standard IRS deduction for housing under § 707(b)(2)(A)(ii)(I) or to deduct secured debt payments for the Colorado Springs house pursuant to § 707(b)(2)(A)(iii)(I). If you eliminate these deductions, the UST contends the presumption of abuse does arise.[2]

## II. DISCUSSION

The first step of the Means Test is to figure a debtor's current monthly income ("CMI"), based on the debtor's average monthly income received from all sources for the six calendar months prior to the filing of the bankruptcy case. If a debtor's CMI exceeds the applicable state median, as Debtor's CMI does in this case, then the next step of the Means Test is to deduct certain allowable expenses set forth in § 707(b)(2)(A). The deductible expenses under the Means Test include certain standard living expenses prescribed by the Internal Revenue Service. Specifically, a debtor may deduct his monthly expenses which "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . ." 11 U.S.C. § 707(b)(2)(A)(ii)(1).

The IRS Local Standards contain two housing-related "monthly expense amounts," one for "mortgage/rent" expense and one for "non-mortgage" expenses. *See* Local Bankr. Form 22A, lines 20A–20B. The local IRS deduction amount for El Paso County for a household of one person is $978 for "mortgage/rent" and $317 for "non-mortgage" expenses. Debtor claimed both these expense amounts on his Form 22A, lines 20A and 20B. The UST argues Debtor cannot claim the "mortgage/rent" portion of the expense because Debtor admits that he does not pay any rent for his current residence.

Until recently, there was a split of authority on this issue. One line of cases interpreted the word "applicable" in § 707(b)(2)(A)(ii)(I) to mean that an expense category is only "applicable" to the debtor if an expense is actually incurred in a given month. The other line of reasoning interpreted "applicable" as referring to the amount listed on a table of IRS Standards, which can vary based on the number of persons in the household and by locale. In other words, under the latter approach, the Local Standard deduction "applies" to the debtor by virtue of his geographic region and number of persons in his household, regardless of whether that deduction is an actual expense. *See In re Scarafiotti*, 375 B.R. 618, 625–26 (Bankr.D.Colo.2007) (detailing the split of authority). The Supreme Court recently resolved this split of authority by adopting the former line of cases in *Ransom v. FIA Card Services, N.A.*, —— U.S. ——, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011). In *Ransom*, the Court held that a Chapter 13

---

**2.** The UST also argues that, even if Debtor has passed the Means Test, dismissal is appropriate under § 707(b)(3), which provides that a court may dismiss a case if the totality of the debtor's financial circumstances demonstrates abuse. Because the Court finds that the presumption of abuse does arise, the Court does not reach this argument.

debtor was not entitled to take the IRS local vehicle ownership expense deduction for a vehicle the debtor owned free and clear of any encumbrance. *Id.* at 726. The Court focused on the definition of the term "applicable" in § 707(b)(2)(A)(ii)(I), concluding an expense is "applicable" if it is "appropriate, relevant, suitable, or fit." *Id.* at 724. An expense is "appropriate" to a debtor "only if the debtor will incur that kind of expense during the life of the plan." *Id.* The *Ransom* Court held that this interpretation of § 707(b)(2)(A)(ii)(I) concurs with the intent of BAPCPA because "Congress designed the means test to measure debtors' disposable income and, in that way, 'to ensure that [they] repay creditors the maximum they can afford.'" *Id.* at 725 (citing H.R.Rep. No. 109–31, pt. 1, p. 2 (2005)). In order for the means test to "reflect a debtor's ability to afford repayment," a debtor "should be required to qualify for a deduction by actually incurring an expense in the relevant category." *Id.* at 725.

Although the Ransom was a Chapter 13 case, this Court finds its holding equally applicable in a Chapter 7 case. The Supreme Court's analysis was focused on the terms of § 707(b)(2)(A)(ii)(I) and the overall purpose of the Means Test, which is obviously applicable to Chapter 7 cases as well as being incorporated in § 1325. Although the *Ransom* Court found support for its interpretation from the context of § 1325(b)(3) and that section's definition of disposable income for purposes of a Chapter 13 plan, *see id.* at 724–25, the Court's holding was in no way limited to Chapter 13 cases. As such, this Court must apply the holding of *Ransom* to this case.

Debtor admits that he pays no rent for his current residence. Because Debtor does not actually incur a rent expense, the "mortgage/rent" expense is not "applicable" to him. 11 U.S.C. § 707(b)(2)(A)(ii)(I). Debtor is therefore not entitled to take the rent expense deduction of $978 on Line 20B of Form 22A. In addition, Debtor's health insurance deduction on Line 34 must be adjusted down to $178, based on an admitted error by Debtor. These adjustments alter Debtor's Form 22A as follows:

| Line 18 | Current Monthly Income | | $ 5,229 |
|---|---|---|---|
| Line 33 | Total Expenses Allowed Under IRS standards | $2,291 | |
| Line 41 | Total Adjusted Expense Deductions | $ 178 | |
| Line 46 | Total Deductions for Debt Payment | $1,676 | |
| Line 47 | Total Deductions (Lines 33, 41 & 46) | | $ 4,145 |
| Line 50 | Monthly Disposable Income | | $ 1,084 |
| Line 51 | 60–month Disposable Income | | $65,040 |
| Line 52 | The amount on Line 51 exceeds $10,950, so presumption arises | | |

Considering these adjustments, the presumption of abuse arises and it is appropriate to dismiss Debtor's Chapter 7 case.[3]

## III. Conclusion

For the reasons stated above, the Court GRANTS the United States Trustee's Motion to Dismiss. In accordance with § 707(b)(1), the above-captioned Chapter 7

---

**3.** Because the presumption arises even if Debtor is permitted to take a deduction for secured debt on his Colorado Springs house, the Court need not address whether Debtor's expense deduction pursuant to § 707(b)(2)(A)(iii)(I) was appropriate in this case.

case is dismissed, unless Debtor voluntarily converts the case to a case under another Chapter of the Bankruptcy Code. The Debtor is given twenty (20) days after entry of this order to convert the case. If the case is not so converted, the UST shall submit an order dismissing the case.